IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ISRAEL CARL ISBELL,**

      **Petitioner,**

v.                               **CIVIL ACTION NO. 3:20-CV-220**
                                             **(GROH)**

**PAUL ADAMS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Before the Court is Petitioner's December 30, 2020, emergency motion for a preliminary or temporary injunction seeking to preserve video evidence from July 11, 2020. ECF No. 6. This matter is pending before the undersigned pursuant to 28 U.S.C. §§ 636 and 1915A.

### II.    INSTANT PROCEEDINGS

On December 7, 2020, the *pro se* Petitioner, an inmate at FCI Hazelton, in Bruceton Mills, West Virginia, filed the above-styled action petition pursuant to 28 U.S.C. § 2241, along with an accompanying exhibit and memorandum of law. ECF Nos. 1, 1-1, 1-2.[1] In Petitioner's single ground for relief, he contends that he was wrongfully charged in an incident report while incarcerated at FCI Elkton with being in the commanding lieutenant's office on July 11, 2020, and wrongfully convicted of that offense in a prison disciplinary proceeding. Id. at 5. As relief, Petitioner requests that

---

[1] All ECF number cited herein are in 3:20-CV-220, unless otherwise noted.

he be restored 14 days of good time credit sanctioned against him. Id. at 8. Further, Petitioner asked for a temporary injunction against FCI Elkton, and a court order to direct that institution to preserve the camera footage for July 11, 2020, at 11:00 a.m. through 12:00 p.m. Id.

Along with his petition, Petitioner filed an application to proceed in forma pauperis, along with some of the necessary documentation. ECF No. 2, 3, 3-1. On December 30, 2020, Petitioner filed the instant emergency motion for an injunction seeking to preserve video evidence from July 11, 2020. ECF No. 6. On January 5, 2021, the Court ordered FCI Elkton to preserve video evidence from July 11, 2020, as requested in Petitioner's motion for a preliminary injunction. ECF No. 8. On that same date the Court issued a Notice of Deficient Pleading related to Petitioner's Prisoner Trust Account Report and required Ledger Sheets. ECF No. 7.

Petitioner paid the $5.00 filing fee on March 9, 2021. ECF No. 23.

### III.   LEGAL STANDARD

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008). The standard for granting injunctive relief articulated by the United States Supreme Court in Winter, 555 U.S. at 20, is that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

> balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d. 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

## IV.  ANALYSIS

The motion for an injunction filed by Petitioner seeks to mandate action by seeking an order which directs the institution to preserve video evidence. ECF No. 6. On January 5, 2021, the Court previously issued an order directing that such video evidence be preserved. ECF No. 8. However, the Petition was not filed until December 7, 2020, and the motion for preservation of evidence was not filed until December 30,

3

2020.  ECF Nos. 1, 6.  The action complained of occurred on July 11, 2020, nearly five months before the petition was filed.  In response to the Order to preserve evidence, Respondent stated that "[a]ny footage the institution may have possessed from that date can no longer be produced because it has been overwritten."  ECF No. 15 at 1.  Accordingly, the Court's order directing FCI Elkton to preserve the evidence is equivalent to the relief sought by Petitioner.  Therefore, Petitioner's motion for injunctive relief should be terminated as moot.

Notwithstanding the fact that the petition was filed nearly five months after the incident, to merit issuance of a preliminary injunction, it is necessary that Petitioner establish all four of the Winter factors.  Petitioner has not made any showing as to any of the factors, but has instead asserted that the video evidence from July 11, 2020 would vindicate him.  However, Petitioner has not demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.  Because Petitioner has not made the necessary showing as to the first factor, it is not necessary for the Court to consider the other three factors.  See Dewhurst v. Century Aluminum Co., 649 F.3d 287, 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant).  Accordingly, because Petitioner has failed to demonstrate that he meets any of the four prongs of the Winter test for issuance of an injunction, such an injunction is not merited.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's request for a temporary or preliminary injunction contained in [ECF No. 1 at 5, 8; ECF No. 6] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in

5

the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     May 10, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE